FILED
JUN 05 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>v.<br>RICARDO GARCIA-ZARAZUA,<br>                            Defendant. | Case No.: 25CR1948-LL<br><br>**ORDER GRANTING MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS FOR RELEASE**<br><br>**[ECF No. 13]** |

      Before the Court is Ricardo Garcia Zarazua's ("Defendant") Motion to Revoke Detention order and Set Conditions for Release. ECF No. 13. At Defendant's Initial Appearance on May 1. 2025, the Court held a hearing on the Government's motion to detain Defendant based on a serious risk of flight. ECF No. 5. The Court granted the Government's motion, finding by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. ECF No. 10. The reasons for detention included the nature and circumstances of the offense; Defendant's criminal history (which includes one felony conviction for illegal entry in 2019); and his arrest on April 25, 2025, for violating California Vehicle Code § 23152(B) for driving under the influence of alcohol.

      Defendant now asks the Court to revoke the detention order and set conditions for release, based on Defendant's strong ties to the community. Defendant's ex-wife and two

1  minor children, as well as other extended family members, live in Escondido. Defendant
2  could live with his aunt in Escondido. Defendant also provided records relating to his arrest
3  on April 25, 2025. According to Defendant, he was not arrested on a new DUI charge on
4  April 25. Defendant's encounter with law enforcement on April 25 occurred because
5  Defendant reported voluntarily to law enforcement to begin house arrest after successfully
6  resolving a DUI arrest that occurred in 2021. Defendant argues that his proactive efforts to
7  address his 2021 case and his strong ties to the community demonstrate that conditions can
8  be set to mitigate any risk of flight.

9      The Court set a deadline of June 3, 2025, for the Government to oppose Defendant's
10 motion. ECF No. 14. The Government did not file an opposition by that deadline.

11     The Court finds that this matter is suitable for determination without a hearing.
12 *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020);
13 *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020)
14 (no requirement to hold a hearing on request for reconsideration of order of detention).

15     The Court finds that Defendant has shown good cause for the Court to reconsider its
16 detention order, so the Court **GRANTS** the motion. The Court will enter a Pretrial Release
17 Order setting forth the conditions of release in a separate docket entry.

18     **IT IS SO ORDERED.**
19 Dated: June 4, 2025

                                            *Allison H. Goddard*
                                           Honorable Allison H. Goddard
                                           United States Magistrate Judge